720 P.2d 300

**Benjamin Anthony CHAVEZ,
Petitioner-Appellant,**

v.

**James Allen YONTZ, Dolores Waller,
Bernalillo County Clerk,
Respondents-Appellees.**

**Herbert P. KRAUS,
Petitioner-Appellant,**

v.

**Maria CALDWELL, Dolores Waller,
Bernalillo County Clerk,
Respondents-Appellees.**

**No. 16359.**

Supreme Court of New Mexico.

May 23, 1986.

Stephen Herrera, Santa Fe, for Chavez.

Joseph N. Riggs III, Albuquerque, for Kraus.

Phillip P. Medrano, Albuquerque, for respondents-appellees.

**OPINION**

RIORDAN, Chief Justice.

Petitioners brought suit in district court for declaratory judgment and injunctive relief against respondents. Petitioners sought to have respondents declared ineligible as candidates for election as metropolitan court judges under NMSA 1978,

Section 34–8A–4(B) (Cum.Supp.1985) and to enjoin the Bernalillo County Clerk from placing their names on the primary ballot. Hearing was held before retired Supreme Court Justice LaFel Oman sitting as Judge Pro Tempore on April 18, 1986. By order dated April 28, 1986, the district court denied petitioners' request for declaratory judgment and injunctive relief. Petitioners appeal. We affirm.

The issue on appeal is whether the requirements of Section 34–8A–4(B) must be met at the time of filing a declaration of candidacy under NMSA 1978, Section 1–8–29 (Repl.Pamp.1985) or upon taking office.

Section 34–8A–4(B) reads in pertinent part:

> No person shall be eligible for election or appointment to the office of metropolitan judge unless he is a member of the bar of and has practiced in this state for a period of three years * * *.

At the time of filing their declarations of candidacy, neither respondent had been practicing members of the state bar for three years. However, both will have met the three year requirement by January 1, 1987 (the time of taking office should they be elected).

Petitioners argue that the legislative intent is that the three year requirement in Section 34–8A–4(B) must be met at the time of filing for the office of metropolitan court judge. We disagree.

The language "eligible for election" in Section 34–8A–4(B) is unclear as to legislative intent. It does not state whether the person must be "eligible" by virtue of meeting the qualifications at the time of filing, at the time of the primary or general election, or at the time of taking office. Nor does the provision distinguish between a primary nominating election and a general election. However, the legislature has stated specifically under Section 1–8–29,

that a candidate for office must state at the time of filing that he or she "will be eligible and legally qualified to hold [the] office *at the beginning of its term.*" (Emphasis added.) This language is a clear and unambiguous statement of legislative intent. A candidate for any office in this state must meet its eligibility requirements at the time of taking office.

Further, N.M. Const. art. VI, Section 8 (which applies to judges of the Supreme Court, and, by reference, to the Court of Appeals and district courts), reads in pertinent part: "[n]o person shall be qualified *to hold the office* of [Supreme Court justice, Court of Appeals or district court judge] unless. . . ." (Emphasis added.) To "hold" the office, one must take the oath of office after having been elected or appointed. The constitutional language is clear that the requirements for those judicial offices must be met at the time of taking office. It would be anomalous to hold that the eligibility requirements for metropolitan court judges are greater than the higher courts and become effective at a time different from that of other judges in this state. Therefore, based on the foregoing, we conclude that a candidate for metropolitan court judge must meet the eligibility requirements under Section 34–8A–4(B) at the time of taking the oath of office. The district court is affirmed.

IT IS SO ORDERED.

SOSA, Senior J., and FEDERICI, STOWERS and WALTERS, JJ. concur.